**UNITED STATES of America,**
**Appellee,**

v.

**Oslyn BRUCE, also known as Oslyn Camelle Bruce, Defendant–Appellant.**

**No. 02–1730.**

United States Court of Appeals, Second Circuit.

Sept. 26, 2003.

Peter J. Fabricant, New York, NY, for Appellant.

Colleen Kavanagh, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Peter A. Norling, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

## SUMMARY ORDER

Bruce makes four arguments on appeal: (1) that the trial court's sanction of the defense under Fed.R.Crim.P. 16 for the untimely disclosure of an original certificate of sale, by excluding the certificate but not the envelope in which it was enclosed, was an abuse of discretion, rendering the trial unfair; (2) that the trial court erroneously allowed New York City Police Detective Richard Addona, the case officer, to proffer expert testimony about narcotics couriers; (3) that the trial court erred by giving an instruction on conscious avoidance to the jury; and (4) that the trial court erred by giving an instruction on false exculpatory statements to the jury. The arguments are rejected for the reasons set forth below.

■ (1) Bruce had a duty under Fed. R.Crim.P. 16(b)(1)(A) to provide the government with evidence in her possession that she intended to use in her case-in-chief. She had a continuing duty during the trial to disclose promptly any such evidence previously requested by the government or ordered produced by the court. Fed.R.Crim.P. 16(c). As a result of her failure to comply with this rule, the trial

court could properly "prohibit [her] from introducing the undisclosed evidence." Fed.R.Crim.P. 16(d)(2)(C). "Given the permissive language of Rule 16(d)(2) and the wide latitude given the trial court by that Rule, an order under Rule 16(d)(2) will not be set aside except for abuse of discretion." *United States v. Giraldo*, 822 F.2d 205, 212 (2d Cir.1987).

The district court did not abuse its discretion in excluding the original certificate of sale while admitting the envelope in which it was enclosed. Bruce violated Rule 16 either by not disclosing the document in the first place or by not fulfilling her continuing duty to disclose. Bruce concedes that the disclosure was untimely. Appellants' Br. at 26. It was properly within the district court's discretion under Rule 16(d)(2)(C) to prohibit the introduction of the original certificate, even when it allowed Bruce's testimony on the original certificate and allowed the government to use the recently produced envelope in its rebuttal case.

■ (2) The district court allowed Detective Addona to testify that legitimate travelers typically plan their travel in advance of the travel date and that the facts that Bruce's ticket was paid in cash and purchased on the date of travel jumped out at him. Narcotics operations are a proper subject for expert testimony under Federal Rule of Evidence 702, as long as the testimony's subject matter "is beyond the ken of the average juror." *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991). Police officers often know more about narcotics operations than do jurors, *see United States v. Brown*, 776 F.2d 397, 400 (2d Cir.1985), and customs officers similarly know more about narcotics couriers than does the average juror. The

* Of the United States District Court for the Eastern District of New York, sitting by designation.

district court therefore did not abuse its discretion in admitting Addona's expert testimony under Rule 702.

The district court also did not abuse its discretion in violation of Federal Rule of Evidence 403 in admitting this testimony. *See United States v. Fabian,* 312 F.3d 550, 557 (2d Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1958, 155 L.Ed.2d 871 (2003). Under Rule 403, "it [i]s not improper for the government to elicit ... expert testimony from law enforcement officers who also testified as fact witnesses," *United States v. Young,* 745 F.2d 733, 760 (2d Cir.1984), *cert. denied sub nom. Myers v. United States,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985), as long as there is "no reason ... to believe that [the officer's] testimony on th[e] subject was made more credible by any personal knowledge that he may have had of [the defendant's] criminal activities," *United States v. Simmons,* 923 F.2d 934, 947 (2d Cir.), *cert. denied,* 500 U.S. 919, 111 S.Ct. 2018, 114 L.Ed.2d 104, and *cert. denied sub nom. Monsanto v. United States,* 502 U.S. 943, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991). Because there is no reason to believe that Detective Addona's testimony was made more credible in this way, the district court also did not err under Rule 403 in admitting this testimony.

■ (3) The district court also did not err in charging the jury on conscious avoidance. Such an instruction is appropriate only "(i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, *i.e.,* the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Aina–Marshall,* 336 F.3d 167, 170 (2d Cir.

2003) (internal quotation marks and citations omitted). We review the sufficiency of the evidence by reviewing all of the evidence presented at trial in a light most favorable to the government. *Id.* at 171. In the instant case, Bruce denied knowing that there was cocaine in the rum bottles in her possession. She was sent to Guyana to retrieve a real estate document about a condominium sale on an airplane ticket that cost more than the condominium. She was given food and rum bottles to bring back to the United States, and she inspected the food items but not the rum bottles. She did not declare the rum bottles on her customs declaration form. Although there may be explanations other than Bruce's conscious avoidance of knowledge of the fact that there were illegal drugs in the rum bottles, a rational jury could find such conscious avoidance. *See id.*

■ (4) The district court also did not err in charging the jury on false exculpatory statements. Although false exculpatory statements made to law enforcement officials are not admissible as evidence of guilt, *United States v. Di Stefano,* 555 F.2d 1094, 1104 (2d Cir.1977), they "are circumstantial evidence of a consciousness of guilt and have independent probative force." *United States v. Johnson,* 513 F.2d 819, 824 (2d Cir.1975). There was sufficient evidence to warrant a jury charge on false exculpatory statements. Addona and Special Agent Timothy Flood testified that Bruce denied knowing Bertram's last name when she had an envelope in her possession listing his last name. They also testified that Bruce had a mobile telephone number listed for a Bertram in her address book and that she told the officers that the telephone number was for a different Bertram. They also stated that Bruce denied knowing the name of Graham's brother, despite the testimony of

Bruce's sister Mauricia that Mauricia had grown up with Graham in Guyana Although Bruce denied this testimony of Addona and Flood, a reasonable juror could have determined that Bruce had made false exculpatory statements, from which the juror could have inferred consciousness of guilt.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.